## CIRCUIT COURT OF LOUDOUN COUNTY

Lester A. Fettig

v.

Touchstone
Development Corp.

January 8, 2001

Case No. (Chancery) 20492

BY JUDGE THOMAS D. HORNE

This case came before the Court on the motion of the Complainant for *pendente lite* relief. Va. Code Ann. § 13.1-747(E). He asserts that he is a shareholder in the defendant corporation and that, "the directors or those in control of the corporation have acted, are acting, or will act in a manner that is illegal, oppressive, or fraudulent"; and "the corporate assets are being misapplied or wasted." Va. Code Ann. § 13.1-747(A)(1)(b), (d). Both parties introduced evidence as to the motion. Complainant requests that a custodian, *pendente lite*, be appointed to preserve the corporate assets and carry on the business of the corporation.

Complainant, Lester A. Fettig, has introduced a stock certificate indicating that he is the owner of 40 shares (Share Numbers 061-100) of the defendant, Touchstone Development Corporation. It is uncontroverted that the 40 shares were issued in April of 1997 pursuant to a land transfer agreement executed by Mr. Fettig and the corporation. That agreement provided in part as follows:

Lester A. Fettig hereby agrees to transfer ownership of 55 acres of wooded real property located in Appomattox County off of SR654 referenced in Attachment (A) with a market value of $770.00 per acre and a minimum timber value of $5,000.00 in exchange for forty (40) shares of common stock of Touchstone Development Corporation with a par value of $0.10 per share.

Complainant has not, as of the date of the hearing, executed a deed conveying the property to the corporation. However, it has been represented that the property has been shown as an asset of the corporation on its financial statements and that its transfer was a condition precedent to the corporation's obtaining a class A contractor's license. The defendant is in the contracting business.

The corporate defendant has introduced meeting minutes that indicate that subsequent to the filing of the instant petition, the board of directors voted to cancel the plaintiff's shares. The action canceling the shares is described as follows:

> Upon motion duly made, seconded, and unanimously carried by all three votes, it was resolved, that in support of Article VI(B) of the Corporation Bylaws, the issuance of shares to Lester A. Fettig, and the subsequent issuance of shares to Leslee M. Dirnberger, Jake A. Fettig, and Lester A. Fettig are null and void due to a failure of consideration on the part of Lester A. Fettig.

Neither party introduced a copy of the bylaws.

The Court is of the opinion that the instant motion for *pendente lite* relief should be governed by the same principles applicable to the issuance of temporary injunctions, that is: (1) the likelihood of prevailing on the merits, (2) irreparable injury, (3) balance of hardship, and (4) preservation of the status quo. *Blackwelder Furn. Co. v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977); *Capital Tool & Mfg. Co. v. Maschinenfabrik Herkules*, 837 F.2d 171 (4th Cir. 1988). Weighed against such a standard, the Court finds that the evidence supports the award of *pendente lite* relief.

The plaintiff is in possession of a share certificate duly issued by the corporation indicating that he is the owner of forty shares of stock. There are no restrictions noted on the face of the certificate. Summary cancellation of the shares and misrepresentations concerning profitability, if later proven to be unjustified or true, would constitute oppressive conduct or fraud warranting the appointment of a receiver. It is clear that, should the court not grant *pendente lite* relief to the plaintiff, he will no longer be entitled to the rights of a shareholder. The *pendente lite* relief necessary to maintain the status quo and prevent irreparable harm to the plaintiff, when balanced against the potential harm to the corporation, weighs heavily in favor of the plaintiff.

Accordingly, the Court will appoint a custodian for the corporate defendant. The custodian will, at present, be granted limited oversight powers of the affairs of the corporation. This would include monthly review of the

income and expenditures of the corporation. Such a review requires an inspection of the underlying documents necessary to an allocation of such income and expenditures to individual construction projects. The custodian shall report and make recommendations to the Court on a monthly basis as to her findings. Either party may request the enlargement, reduction, or elimination of such powers, *pendente lite*, based upon the findings of the custodian. The Court will defer an allocation of the fee of the custodian until after the filing of the first report. The first report shall be made returnable to February 16, 2001, although the custodian may request an earlier date for the review of the matter.

Since the custodian's role, at present, is one of oversight and reporting, there is a need only for a nominal bond. Accordingly, the Court will appoint Christine Mougin-Boal, Esq., as custodian to oversee and report upon the financial matters of the corporation, and she shall assume her duties upon the posting of a bond in the amount of $1000.00, with surety acceptable to the Clerk by the complainant. The custodian is encouraged to consult with the corporate accountant upon assuming her duties.